| | | |
|---|---|---|
| **ANDRE L. CORBETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I.    BACKGROUND

Petitioner was charged by Indictment with: Count (1), conspiracy to commit Hobbs Act

robbery (18 U.S.C. § 1951); Count (2), bank robbery and aiding and abetting the same (18 U.S.C.

§§ 2113(a) and 2); Count (3) using and brandishing a firearm during and in relation to a crime of

violence (Count (2)) and aiding and abetting the same (18 U.S.C. § 924(c)); Counts (4), (7), (11),

(15), (19), (22), and (26), possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1));

Count (5), obstructing commerce "by robbery" and aiding and abetting the same (18 U.S.C. §§ -

1951 and 2); Count (6), using and brandishing a firearm during and in relation to a crime of

violence, "that is, interference with commerce by threats and violence … as charged in Count

Five" and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2); Count (9), obstructing

commerce "by robbery" and aiding and abetting the same (18 U.S.C. §§ 1951 at 2); Count (10),

using and brandishing a firearm during and in relation to a crime of violence "that is, interference

with commerce by threats and violence … as charged in Count Nine" and aiding and abetting the

same (18 U.S.C. §§ 924(c) and 2); Count (13), obstructing commerce "by robbery" and aiding and abetting the same (18 U.S.C. §§ 1951 and 2); Count (14), using and brandishing a firearm during and in relation to a crime of violence "that is, interference with commerce by threats and violence … as charged in Count Thirteen" and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2); Count (17), obstructing commerce "by robbery" and aiding and abetting the same (18 U.S.C. §§ 1951 and 2); Count (18), using and brandishing a firearm during and in relation to a crime of violence "that is, interference with commerce by threats and violence … as charged in Count Seventeen" (18 U.S.C. § 924(c)); Count (20), obstructing commerce "by robbery" and aiding and abetting the same (18 U.S.C. §§ 1951 and 2); Count (21), using and brandishing a firearm during and in relation to a crime of violence "that is, interference with commerce by threats and violence … as charged in Count Twenty" and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2); Count (24), obstructing commerce "by robbery" and aiding and abetting the same (18 U.S.C. §§ 1951 and 2); Count (25), using and brandishing a firearm during and in relation to a crime of violence "that is, interference with commerce by threats and violence … as charged in Count Twenty-Four" and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2); Counts (28), (29), (30), and (33), obstruction of justice (18 U.S.C. §§ 1503 and 2); Count (31), threatening to assault a federal officer (18 U.S.C. §§ 115(a)(1)(B) and 2); and Count (32), mailing threatening communications (18 U.S.C. §§ 876 and 2). (3:07-cr-144, Doc. No. 1). Counts (4), (7), (11), (15), (19), (22), (23), (26), (28), and (33) were dismissed on the Government's motion. (Id., Doc. Nos. 42, 43); (Id., Doc. No. 94 at 17-18).

A jury found Petitioner guilty of Counts (1), (2), (3), (5), (6), (9), (10), (13), (14), (20), (21), (24), (25), (29), (30), (31), and (32) and not guilty of Counts (17) and (18). (Id., Doc. No. 51).

The Presentence Investigation Report ("PSR") scored the combined adjusted total offense level as 29 and no Chapter Four enhancements were added. (Id., Doc. No. 62 at ¶¶ 90, 91). The PSR's criminal history section scored three criminal history points. Two points were added because Petitioner was on probation at the time of the instant offense and because the instant offense was committed less than two years after his release from custody. (Id., Doc. No. 62 at ¶¶ 99-101). This resulted in a total of six criminal history points and a criminal history category of III. (Id., Doc. No. 62 at ¶ 102). The advisory imprisonment range was 108 to 135 months plus consecutive 25-year sentences as required by statute for Counts (3), (6), (10), (14), (21) and (25). See (Id., Doc. No. 62 at ¶¶ 94, 117).

The Court sentenced Petitioner within the advisory guideline range to a total of 1,692 months' imprisonment comprised of: 108 months for Counts (1), (2), (5), (9), (13), (20), (24), (29), (30), (31) and (32), concurrent; 84 months for Count (3), consecutive; and 300 months for Counts (6), (10), (14), (21), and (25), consecutive. (Id., Doc. No. 76).

On direct appeal, Petitioner challenged the sufficiency of the evidence to support the verdict. The Fourth Circuit affirmed except as to Petitioner's two convictions for obstruction of justice in Counts (29) and (30), which were vacated, and the case was remanded for resentencing. United States v. Corbett, 374 Fed. Appx. 372 (4th Cir. 2010), *certiorari denied*, 560 U.S. 932 (2010).

In an Amended Judgment docketed on October 7, 2011, the Court resentenced Petitioner to a total of 1,671 months' imprisonment comprised of: 87 months for Counts (1), (2), (5), (9), (13), (20), (24), (31), and (32), concurrent; 84 months for Count (3), consecutive; and 300 months for Counts (6), (10), (14), (21), and (25), consecutive. (3:07-cr-144, Doc. No. 114).

Petitioner filed a *pro se* § 2255 petition before the resentencing occurred and it was dismissed without prejudice as premature, case number 3:10-cv-501. Corbett v. United States, 2010 WL 4718360 (W.D.N.C. Nov. 15, 2010).

Petitioner filed his next § 2255 petition after the Court completed its proceedings on remand, case number 3:13-cv-298. The Court denied the § 2255 claims on the merits and dismissed supplemental Motion with prejudice as time-barred. Corbett v. United States, 2016 WL 55284 (Jan. 5, 2016). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Corbett, 669 Fed. Appx. 106 (4th Cir. 2016).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 13, 2016, (Doc. No. 1), and subsequently obtained authorization from the Fourth Circuit to do so, (Doc. No. 3). He argues that the five § 924(c) offenses that rely on Hobbs Act robbery in Counts (6), (10), (14), (21) and (25) are invalid pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015) because Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause.

This case was stayed for several years pursuant to the Fourth Circuit's consideration of United States v. Ali, Case No. 15-4433, United States v. Simms, Case No. 15-4640, and United States v. Steward, No. 15-4422. (Doc. Nos. 6, 11).

On August 20, 2019, Petitioner filed a Supplement to the Motion to Vacate arguing that the jury instructions and general verdicts in the relevant § 924(c) counts could have allowed the jury to convict based on conspiracy to commit Hobbs Act robbery, which is not a crime of violence under United States v. Davis, 139 S.Ct. 2319 (2019) and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*). Applying the categorical approach to the least culpable conduct of Hobbs Act conspiracy which does not satisfy § 924(c)'s force clause. As a consequence the convictions

in Counts (6), (10), (14), (21) and (25) must be vacated or, if the Government requests such relief, resentencing under the sentencing package doctrine.

The Government filed a Response arguing that Petitioner's Johnson claim is procedurally defaulted and foreclosed by United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), and that his new challenge to the jury instructions is untimely, procedurally barred, and meritless.

Petitioner filed a Reply arguing that procedural default does not apply because the error is a jurisdictional defect and, alternatively, that Petitioner has established cause and prejudice due to the novel nature of the claim. Petitioner argues that the Supplement is not untimely because it was filed within a year of Davis and relates back to the original Johnson claim.

## II.    SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

**(1)    Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner argues that his claim is not procedurally defaulted because he is raising a jurisdictional defect that cannot be procedurally defaulted. He further argues that he can demonstrate cause and prejudice because the attack on the § 924(c) convictions is novel. Assuming arguendo that Petitioner has demonstrated cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) convictions are valid and are not undermined by a novel legal theory. See Section (2), *infra*.

Petitioner's claims are therefore procedurally defaulted from collateral review and are subject to dismissal.

**(2)**     **Merits**

Assuming *arguendo* that Petitioner's challenge to the § 924(c) convictions is not procedurally defaulted, it fails on the merits.[1]

In Johnson v. United States, 135 S.Ct. 2551 (2015), the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[2] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court recently held that § 924(c)(3)(B)'s residual clause[3] is unconstitutionally vague under the principles set forth in Johnson. United States v. Davis, 139 S.Ct. 2319 (2019).

Davis does not undermine Petitioner's convictions and sentences because the predicate offense for the challenged counts, Hobbs Act robbery, is a crime of violence under § 924(c)'s force clause. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

---

[1] The Court will not address the timeliness of Petitioner's Supplement, (Doc. No. 7), in the interest of judicial economy at this time because Petitioner's claims fails on the merits. See generally United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (recognizing that AEDPA's statute of limitations is not jurisdictional); see, e.g., Pough v. United States, 442 F.3d 959, 965–66 (6th Cir. 2006) (finding that it "may … proceed directly to the merits of [the § 2255] case, which can be resolved in a straightforward manner" rather than first addressing limitations); Aron v. United States, 291 F.3d 708, 718 (11th Cir. 2002) (Carnes, J., concurring) ("a district court is not required to rule on whether an asserted statute of limitations bar applies if the § 2255 motion may be denied on other grounds.").

[2] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the ACCA residual clause.

[3] Section 924(c) provides for enhanced sentencing for any person who uses or carries a firearm or possesses a firearm in furtherance of any crime of violence or drug trafficking crime. A "crime of violence" is defined under § 924(c)(3) as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 924 (emphasis added). The italicized portion of the definition is referred to as the § 924(c) residual clause.

Petitioner's argument that the jury instructions and general verdict could have allowed the jury to use Hobbs Act conspiracy as the § 924(c) predicates is conclusively refuted by the record. Petitioner pled guilty in Counts (5), (9), (13), (20), and (24) to violating the Hobbs Act "by robbery." (3:07-cr-144, Doc. No. 1). Counts (6), (10), (14), (21), and (25) allege that Petitioner violated § 924(c) by brandishing firearms "during and in relation to a crime of violence, that is, interference with commerce by threats and violence" as charged in the relevant Hobbs Act robbery counts. (Id.).

Petitioner's reliance on United States v. Simms, 914 F.3d 229 (4th Cir. 2019), in which the Fourth Circuit held that Hobbs Act conspiracy is not a crime of violence, is misplaced. The Court provided a Pinkerton[4] instruction in this case and then instructed the jury on each of the offenses including Hobbs Act robbery. (Doc. No. 94 at 116-17, 119). Petitioner has failed to demonstrate that a Pinkerton instruction converts a Hobbs Act robbery conviction into one for Hobbs Act conspiracy. See Moore v. United States, 2019 WL 5454487 (W.D.N.C. Oct. 23, 2019) (rejecting argument that a Pinkerton instruction essentially converted a Hobbs Act robbery conviction into a conviction for Hobbs Act conspiracy); United States v. Singleton, 2019 WL 3454662 (D.S.C. July 31, 2019) (distinguishing Hobbs Act conspiracy from Hobbs Act robbery under a theory of Pinkerton liability); United States v. Woods, 2020 WL 999036 (E.D. Mich. March 2, 2020) (denying defendant's motions for judgment of acquittal and new trial where defendant argued that the jury may have improperly predicated a § 924(c) conviction, that was based on two VICAR offenses, on conspiracy due to the government's reliance on a Pinkerton theory of liability; also rejecting claims of jury instruction error, verdict form error, and constructive amendment); see also United State v. Brayboy, 789 Fed. Appx. 384 (4th Cir. 2020) (rejecting on plain error review

---

[4] Pinkerton v. United States, 328 U.S. 640 (1946).

defendant's argument that aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c); noting that every circuit to have considered the argument that aiding and abetting Hobbs Act robbery is not a crime of violence has rejected it).

The Court will, therefore, dismiss and deny Petitioner's § 2255 Motion to Vacate.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 26, 2020

Robert J. Conrad, Jr.
United States District Judge